NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MAJID ALI,  :<br>               :<br>     Petitioner,  :<br>               :<br>     v.        :<br>               :<br> RONALD CATHEL, et al.,  :<br>               :<br>     Respondents.  : | Civil No. 05-2235 (PGS)<br><br>O P I N I O N |

APPEARANCES:

Petitioner Pro Se
Majid Ali, #SP297014/SBI#36
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Counsel for Respondents
Joan E. Love
Essex County Prosecutor's Office
Essex County Courts Building
Newark, NJ 07102

**SHERIDAN**, District Judge

Petitioner Majid Ali, a prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The respondents are Administrator Ronald Cathel and the Attorney General of New Jersey.

For the reasons stated herein, the petition will be denied.

BACKGROUND

A. <u>Factual Background</u>

As stated in the opinion of the Superior Court of New Jersey, Appellate Division:[1]

> After a jury trial, defendant was convicted of multiple crimes, including first degree robbery, kidnapping, carjacking, and attempted murder, all committed in a series of violent confrontations against five victims at the Ivy Hill Apartments. The first two victims were robbed in the building's elevator and stairwell, and the other three outside in the building's parking area. The most serious crime was the shooting of one victim, who was left permanently paralyzed. Defendant received an aggregate sentence of sixty years with thirty years of parole ineligibility. His convictions were affirmed by rule on direct appeal.
>
> The defense strategy at trial was to challenge defendant's identification as the perpetrator of these crimes. Defendant was arrested at a nearby bus stop within minutes of these crimes, after being pointed out to police by one victim. Defendant was placed in a police vehicle and taken back to the scene of the crimes, where he was also identified almost immediately by all but one of the other victims and by an independent eyewitness. He was also identified at trial by several of the victims. When he was processed and searched at police headquarters, jewelry belonging to the female robbery victim was found in his possession.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

(Opinion of Superior Court of New Jersey, Appellate Division, Respondents' Appendix ("Ra") 6, dated January 27, 2004, at 2-3 (footnotes omitted)).

On direct appeal, Petitioner claimed, amongst other arguments, that defense counsel's failure to request a hearing, pursuant to United States v. Wade, 388 U.S. 218 (1967), to challenge the State's identification evidence, denied him effective assistance of counsel. On January 26, 2000, the Superior Court of New Jersey, Appellate Division ("Appellate Division") found that the argument lacked merit, and did not warrant discussion in a written opinion. Ra4 at p. D29. Petitioner's Petition for Certification to the Supreme Court of New Jersey was denied on May 3, 2000.

On November 23, 1999, Petitioner filed a motion for post-conviction relief ("PCR"), raising ineffective assistance of counsel claims against trial and appellate counsel. The PCR court denied the motion on May 24, 2002. The Appellate Division affirmed the denial on January 27, 2004, and the Supreme Court of New Jersey denied certification on April 26, 2004.

This Petition, filed on April 26, 2005, followed. Petitioner was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), on May 24, 2005. On June 17, 2005, this Court received Petitioner's response to the Mason order. Petitioner stated that his petition was not all-inclusive, and

requested a stay of proceedings to exhaust unexhausted claims in state court. Petitioner did not identify which claims were unexhausted, and did not state whether or not the unexhausted claims were already asserted in the petition, or if he wished to amend his current petition to add them.

Thereafter, on September 22, 2005, this District Court issued an Order to Show Cause to Petitioner to demonstrate the timeliness of his Petition. Petitioner responded to the Order to Show Cause and it appeared from the information submitted by Petitioner that his habeas petition was timely filed.

However, Petitioner reiterated his request to have this Court stay his habeas matter to allow "the filing and process of all state claims." Petitioner did not inform this Court as to the claims he wished to assert, except to say that "the issues that shall come before the court will be in good faith and meritorious in merit." (Reply to Order to Show Cause, ¶¶ 5, 6).

On May 18, 2006, this Court ordered that Petitioner, within 30 days, outline the claims of his petition and inform the Court as to which of the claims were previously asserted, are newly asserted, and are exhausted. If any of the claims were newly asserted, Petitioner was ordered to demonstrate that the claims "relate back" to the claims of his original petition. See Mayle v. Felix, 545 U.S. 644 (2005). The Court also ordered that if Petitioner failed to respond to the Order, the Court would order

4

that his originally-asserted claims be stayed pursuant to <u>Crews v. Horn</u>, 360 F.3d 146, 154 (2004), but would not consider any newly-asserted claims by Petitioner in the instant proceeding.

On May 30, 2006, Petitioner responded with a brief asserting that he wished his ineffective assistance of counsel claim be litigated in this action. (Docket entry 8). In his original Petition, Petitioner argued that defense counsel's failure to request a hearing pursuant to <u>United States v. Wade</u>, 388 U.S. 218 (1967), deprived him of effective assistance of counsel.

Thus, on November 14, 2006, this Court ordered Respondents to answer on the ineffective assistance of counsel claim raised in the original petition. The order to answer was reissued on January 9, 2007. On January 18, 2007, Respondents filed an Answer to the petition and relevant state court record.

## DISCUSSION

A.  <u>Standards Governing Petitioner's Claims.</u>

Section 2254 of Title 28, United States Code, provides that the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), federal

courts in habeas corpus cases must give considerable deference to determinations of the state trial and appellate courts. See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)(citing Parke v. Raley, 506 U.S. 20, 36 (1992)).

Section 2254(d) sets the standard for granting or denying a writ of habeas corpus. The statute reads as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court explained the application of § 2254(d)(1). The Court analyzed subsection 1 as two clauses: the "contrary to" clause and the "unreasonable application" clause. The Court held that under the "contrary to" clause, "a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme]

6

Court has on a set of materially indistinguishable facts." Id. A federal court may grant the writ under the "unreasonable application" clause, if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Habeas relief may not be granted under the "unreasonable application" clause unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief. See id. at 411; see also Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000), cert. denied, 532 U.S. 980 (2001); Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir.), cert. denied, Matteo v. Brennan, 528 U.S. 824 (1999). Thus, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent. See Werts, 228 F.3d at 197; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

With regard to 28 U.S.C. § 2254(d)(2), a federal court must confine its examination to evidence in the record. See Abu-Jamal v. Horn, 2001 WL 1609690, at *12 (E.D. Pa. December 18, 2001). In addition, the state court record should be reviewed to assess the reasonableness of the state court's factual determinations.

7

See id. Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court." Id.; see also 28 U.S.C. § 2254(e)(1). The Court of Appeals for the Third Circuit has ruled that this presumption of correctness can be overcome only by clear and convincing evidence. See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir. 2001)(citing 28 U.S.C. § 2254(e)(1)). "A finding that is well-supported and subject to the presumption of correctness is not unreasonable." Abu-Jamal, 2001 WL 1609690 at *12 (citing Duncan, 156 F.3d at 198).

Furthermore, federal habeas courts ordinarily refrain from revisiting credibility determinations as "it would be wholly inappropriate for a federal court to repastinate soil already thoroughly plowed and delve into the veracity of the witnesses on habeas review." Sanna v. Dipaolo, 265 F.3d 1, 10 (1st Cir. 2001). A habeas petitioner therefore "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See

Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B. **Ineffective Assistance of Counsel**

Petitioner argues in his original Petition that defense counsel's failure to request a hearing, pursuant to United States v. Wade, 388 U.S. 218 (1967), to challenge the state identification evidence, denied Petitioner the effective assistance of counsel. Petitioner raised this claim on direct appeal. The Appellate Division denied the claim as lacking merit.

1. Show Up Identifications

For background purposes, the Court notes that Petitioner was subject to "show-up" identifications, in which a suspect is apprehended promptly after a crime and brought to the victim for identification. Show-up identifications allow identifications while the witness' memory is fresh; further, the suspect has the same appearance as at the time of the crime, and suspects who are not positively identified may be released immediately. See Green v. City of Paterson, 971 F. Supp. 891, 904 (D.N.J. 1997)(citations omitted). Even if an identification procedure is suggestive, an identification may still be reliable. See id. (citing Neil v. Biggers, 409 U.S. 188, 199 (1972))(other citation

9

omitted). An identification becomes unreliable "when that suggestibility in confrontation reaches impermissible or unfair limits." Id. (citation omitted).

A two-prong test is utilized to determine the trial admissibility of an eyewitness identification. First, a court must decide whether the procedure in question was, in fact, impermissibly suggestive. If it is so determined, the court must decide whether the suggestive procedure resulted in a substantial likelihood of misidentification. See Stovall v. Denno, 388 U.S. 293 (1967); Simmons v. United States, 390 U.S. 377 (1968); Neil v. Biggers, 409 U.S. 188 (1972); Manson v. Braithwaite, 432 U.S. 98 (1977). Due Process is not violated if "a suggestive and unnecessary identification procedure . . . possesses sufficient aspects of reliability," as reliability is the "linchpin in determining the admissibility of identification testimony." Id. (citing Manson, 432 U.S. at 106).

In United States v. Mathis, the Court of Appeals for the Third Circuit stated that:

> [The] likelihood of misidentification should be measured by a totality of circumstances including: the witness's initial opportunity to view the suspect at the crime scene and degree of attention at that time, the witness's level of certainty in the disputed identification, the length of time between initial viewing and disputed identification, and the accuracy of any intervening description of the suspect occurring between those two events.

10

Mathis, 264 F.3d 321, 330 (3d Cir. 2001), cert. denied, 535 U.S. 908 (2002)(citing Biggers, 409 U.S. at 199-200). New Jersey adopted the Biggers and Manson standards in State v. Madison, 109 N.J. 223 (1988).

In this case, positive identifications of Petitioner occurred within a few minutes after the crimes. Without police questioning or prompting, one victim spotted Petitioner as the police drove him around the area of the crimes and yelled, "that is him, that is him." Other victims also identified Petitioner as the perpetrator immediately after the crime.

2. Ineffective Assistance

At issue in the instant case is Petitioner's ineffective assistance of counsel claim.

To begin, the "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), is the standard for ineffective assistance of counsel as enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a petitioner seeking to prove a Sixth Amendment violation must demonstrate that his counsel's performance fell below an objective standard of reasonableness, assessing the facts of the case at the time of counsel's conduct. See id. at 688-89; Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005); Keller v. Larkins, 251 F.3d 408, 418 (3d Cir.), cert. denied, 534 U.S. 973 (2001). Counsel's errors must have been "so

11

serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. The Supreme Court further explained:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Id. at 689 (citations omitted); see also Virgin Islands v. Wheatherwax, 77 F.3d 1425, 1431 (3d Cir.), cert. denied, 519 U.S. 1020 (1996).

If able to demonstrate deficient performance by counsel, the petitioner must also show that counsel's substandard performance actually prejudiced his defense. See Strickland, 466 U.S. at 687. Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

12

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The reviewing court must evaluate the effect of any errors in light of the totality of the evidence. See id. at 695-96. Thus, the petitioner must establish both deficient performance and resulting prejudice in order to state an ineffective assistance of counsel claim. See id. at 697; see also Jacobs, 395 F.3d at 102; Keller, 251 F.3d at 418.

In this case, Petitioner has demonstrated neither that counsel's performance was deficient, nor that the results of the trial would have been different had the attorney acted as Petitioner now suggests. First, trial counsel was not deficient for failing to request a Wade hearing, as the purpose of a Wade hearing is to determine whether or not a witness' identification represents his or her own recollection or whether it resulted from suggestive police procedures. Under New Jersey law, a trial court has discretion to deny a Wade hearing unless the defendant can make a threshold showing that there was some evidence of impermissible suggestiveness in the identification procedure. See State v. Ortiz, 203 N.J. Super. 518 (App. Div.), certif. denied, 102 N.J. 335 (1985). In this case, the record reveals no evidence of impermissible suggestiveness by police in the identification procedures. Thus, it was not deficient performance by counsel to not request a Wade hearing.

13

Regardless, a review of the record demonstrates that counsel vigorously advocated for Petitioner, and cross-examined all of the witnesses as to their identifications.

Moreover, Petitioner cannot establish the second prong of Strickland, that is, assuming counsel was deficient, the results of the trial would have been different had counsel requested the Wade hearing. The record reveals plenty of evidence sufficient to support the jury's decision to convict Petitioner, including: Petitioner's own testimony placing him near the scene of the crime; various eyewitness identifications; and the fact that one of the victim's jewelry was found on Petitioner's person upon his arrest. Thus, Petitioner's conviction was a result of a credibility determination made by the jury to believe the State and witness' version of events rather than the events described by Petitioner, as well as a result of weighing all evidence presented.

Citing the Strickland standard, the PCR court, in denying Petitioner's ineffective assistance of counsel claims raised in post-conviction proceedings stated:

> Defendant, himself, was almost caught with his hand in the proverbial cookie jar. Where he was apprehended, Hudson Avenue in Maplewood, the Court will take judicial notice is less than a mile from the Ivy Hill Park Apartments [where the crimes took place]. And I- I can state that I know that, because I grew up in Maplewood, not far from Hudson Avenue. Maybe four blocks distance. I would say it could be no more than a half of a mile, even if that. Virtually at the scene. He was seen minutes after the second series of

14

>     events by the driver of the limousine, which was
>     involved in a car-jack shooting incident, immediately
>     identified by that driver on the spot. And there was a
>     re-identification of him by that driver at the station
>     house. But obviously, everything was very clear in
>     that person's mind and memory.
>
>     And he did have on the - on his person the
>     proceeds from the robbery of one of the victims of the
>     kidnap-robbery, first series of crimes which were
>     involved in the overall incident.
>
>     So that it's very clear that the defendant was the
>     individual who committed this series of criminal acts.
>     There was really, I think, no way that a jury could or
>     should have concluded otherwise.

(Transcript of PCR motion, dated May 24, 2002, at pp. 7-8).

Further, Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Accordingly, this ground for a writ of habeas corpus will be denied.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant

15

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability will issue.

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 is denied. An appropriate Order accompanies this Opinion.

PETER G. SHERIDAN
United States District Judge

Dated: June 12, 2007